## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KORI ELLISON | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO._____ |
| v. | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| APPLE, INC. AND | ) | |
| HEI HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT TO HOLD DEFENDANTS
## ACCOUNTABLE FOR HARM CAUSED

COMES NOW, Plaintiff KORI ELLISON (hereinafter "Ellison"), a Georgia resident, in the above-styled action files this Complaint against DEFENDANT APPLE, INC. (HEREAFTER "APPLE"), a California Corporation HEI Hospitality, LLC, ("HEI") a Connecticut Corporation, who manages, owns, or operates Embassy Suites By Hilton Tysons Corner, in Virginia (hereinafter "Embassy Suites"), and shows as follows:

## PRELIMINARY STATEMENT

This is a civil action brought by Ellison for injuries suffered on July 3, 2018, while Ellison was a minor. Ellison, who is of the age of majority now, was at Embassy Suites by Hilton Tysons Corner in Fairfax, Virginia when she was injured by plugging her Apple phone charger into the Embassy Suites' electrical outlet. As soon as Ellison plugged in the Apple charger, she was electrocuted. Ellison was electrocuted by a defective plug or a defective outlet, or both. The impact of the burns is so severe that Ellison's hand has yet to heal. Ellison's injuries were acute and directly related to the electrocution. Ellison is bringing her suit for injuries suffered, physical deformity of her hand, physical pain and suffering, and mental pain and suffering due to Apple and HEI's negligence.

## SUBJECT MATTER JURISDICTION

1.

This Court has subject matter jurisdiction over this action under the authority of 28 U.S.C s 1332, as the parties are diverse in citizenship and amount in controversy is over $75,000.00.

## PERSONAL JURISDICTION

2.

Defendant Apple is subject to the personal jurisdiction of this Court as it

transacts business in the State of Georgia pursuant to O.C.G.A. § 9-10-91 Apple, will be subject to the jurisdiction of this court when summons and complaint is served on its registered agent at Registered Agent Name: C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

3.

Pursuant to O.C.G.A. § 9-10-91, HEI is subject to this Court as it transacts business in the State of Georgia by managing at least 10 different hotels in the Atlanta and Savannah areas. HEI will be will be subject to the jurisdiction of this court when summons and complaint is served on it at Hei Hotels & Resorts, 101 Merritt 7, 1st Floor, Norwalk, CT, 06851.

## **VENUE**

4.

Defendant Apple is subject to the personal jurisdiction of this Court as it transacts business in the State of Georgia pursuant to 28 U.S.C. § 1391.

5.

Defendant HEI is subject to the personal jurisdiction of this Court as it transacts business in the State of Georgia pursuant to 28 U.S.C. § 1391.

## THE OPERATIVE FACTS

6.

Ellison, a minor at the time of the incident, is a resident of Georgia.

7.

Apple is a corporation whose headquarters is in California.

8.

HEI is a corporation whose headquarters is in Connecticut.

9.

HEI manages, owns, or operates Embassy Suites By Hilton Tysons Corner, in Fairfax, Virginia.

10.

Prior to July 3, 2018, Ellison's mother purchased a new iPhone through a T-Mobile sales center located in the State of Georgia.

11.

Subsequently, on or about July 3, 2018, Ellison (a minor at the time) and family members went to Virginia for a trip, residing at Embassy Suites by Hilton Tysons Corner in Fairfax, Virginia.

12.

While staying in one of Embassy Suites rooms, Ellison needed to charge her phone, so she plugged it into an electric outlet in the hotel room.

13.

As soon as Ellison plugged the phone into the outlet she was electrocuted.

14.

Ellison was electrocuted by a defective plug or a defective outlet, or both.

15.

Ellison suffered burns on her hand.

16.

The impact of the burns is so severe that Ellison's hand has yet to heal from the physical injuries as of this suit. Her deformity is permanent. The injuries were acute and directly related to the electrocution that occurred at Embassy Suites and from the iPhone.

17.

These facts give rise to this suit.

**COUNT I**

**PRODUCT LIABILITY AS TO APPLE, INC.**

18.

Ellison re-alleges and incorporates paragraphs 1 - 17 as if fully set forth

herein.

19.

Pursuant to O.C.G.A. § 51-1-11, Apple owes a duty of care to Ellison as it is a manufacturer of any personal property sold as a new property directly or through a dealer or any other person, whose product caused Ellison to suffer an injury to her person and property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

20.

Product liability is a strict liability tort law pursuant to O.C.G.A. § 51-1-11.

21.

Apple is engaged in the business of manufacturing Apple iPhones and chargers.

22.

The injuries and damages to Ellison were suffered because the Apple iPhones and charger, when sold by Apple and T-Mobile were not merchantable and reasonably suited to the use intended in that when charged they electrocuted Ellison.

23.

Apple's product was a direct and proximate cause of Ellison's injuries causing both physical and property damages.

24.

Ellison's injuries were foreseeable and the type of injuries the law was designed to protect from Apple's breach of duty.

25.

Ellison suffered injuries as a result of the fair of Apple's products and the electrocution caused by Apple's product.

## COUNT II

## PREMISE LIABILITY NEGLIGENCE TO EMBASSY SUITES

26.

Ellison re-alleges and incorporates paragraphs 1 - 25 as if fully set forth herein.

27.

HEI as an owner or occupier of land owed a duty of care to Ellison, as a business invitee, by express or implied invitation to exercise ordinary care in keeping the premises and approaches safe from dangerous conditions.

28.

Ellison was a business invitee as she was a patron that resided in the hotel at the time of the tortious events.

29.

HEI breached its duty when it failed to maintain its electric outlets in the room, creating a dangerous condition for Ellison and other patrons.

30.

HEI's breach was foreseeable, and Ellison's injuries were the type of injuries the law designed to protect Ellison from.

31.

HEI's breach was the direct and proximately cause of Ellison's injuries.

32.

Ellison suffered injuries as a result of the electrocution.

33.

HEI is liable to Ellison for the injuries and damages Ellison sustained.


**COUNT V**

**<u>CLAIM OF DAMAGES FOR PERSONAL INJURY</u>**

34.

Ellison re-alleges and incorporates paragraphs 1 - 33 as if fully set forth herein.

35.

Defendants' negligence caused Ellison to suffer injuries to her body.

36.

Ellison suffered personal injuries that required medical care and treatment.

37.

Ellison received and incurred reasonable and necessary medical treatment and care for her injuries.

38.

Defendants are liable and accountable to Ellison for her serious physical injuries, and physical and emotional pain and suffering.

39.

Ellison is entitled to at least $300,000 for the burns to her hand, continued deformity of her hands, and shock and fright of the incident, "in the absence of wilfulness or wantonness, mere wrongful acts of negligence will authorize a recovery, where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury," and in such case both the fright or mental suffering and the accompanying physical injury may be considered as elements of damage." Pullman Co. v. Strang, 35 Ga. App. 59, 62, 132 S.E. 399, 401 (1926).

## COUNT V

## <u>CLAIM OF DAMAGES FOR PERSONAL PROPERTY</u>

40.

Ellison re-alleges and incorporates paragraphs 1 - 39 as if fully set forth herein.

41.

Defendants' negligence caused Ellison to damage her iPhone and charger.

42.

Ellison is entitled to the replacement cost of the property from Defendants.

## <u>PRAYER FOR RELIEF</u>

43.

Plaintiff Kori Ellison herein incorporates paragraphs 1- 42 as if fully set forth herein.

44.

Defendants caused Ellison unnecessary trouble and expense to justify Ellison's recovery of attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11.

45.

Defendants are responsible for all general damages and special damages as a result of each of their tortious acts against Ellison alleged in this Complaint.

**WHEREFORE** Plaintiff prays for the following:

a) That process and summons issue requiring Defendant Apple, Inc. and HEI Hospitality, LLC to appear as provided by law and to answer the allegations of this Complaint;

b) A trial by jury;

c) Recovery for all general damages allowed under the law;

d) Recovery of compensatory special damages for Plaintiff's expenses incurred or lost due to Defendants' actions;

e) Recovery for reasonable attorney fees and expenses of litigation;

f) That all costs be cast against Defendant; and

g) For such other relief as this Court deems just and appropriate.

This 31st day of December 31, 2022.

Respectfully submitted,

M. Cordele Rolle, Esq.
Georgia Bar No. 521133
**Attorney for Plaintiff**

**THE CORDELE FIRM, INC.**
5815 Live Oak Pkwy.
Suite A
Norcross, Georgia 30093
Phone: 770.808.0062
Fax: 404.393.5900
Phone: 404.454.6454
Email: cordele@cordelefirm.com